UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 09-20236

HONORABLE STEPHEN J. MURPHY, III

v.

QUENTON THOMAS WHITSELL, Sr.,

    Defendant.

                                       /

## **ORDER DENYING MOTION TO SUPPRESS (docket no. 22)**

This matter comes before the Court on defendant Quenton Whitsell, Sr.'s motion to suppress evidence obtained in a search of his home and for an evidentiary hearing on the facts underlying the motion to suppress. Whitsell is charged in a five-count Indictment with (1) distribution of over 50 grams of cocaine base; (2) possession with intent to distribute over 50 grams of cocaine base; (3) possession of a firearm in furtherance of a drug trafficking crime; (4) possession of a firearm with an obliterated serial number; and (5) being a felon in possession of a firearm. The evidence which forms the basis of counts two through five was obtained through execution of a search warrant for defendant's house at 16220 Maddelein Street in Detroit. Whitsell seeks an evidentiary hearing on the facts contained in the search warrant and seeks an order of this Court suppressing all evidence seized as a result of the execution of the search warrant for 16220 Maddelein. For the reasons stated below, the Court will deny the motion for an evidentiary hearing and will deny the motion to suppress.

# FACTS

The following facts are drawn from the affidavit of Bruce P. Gentry submitted in support of the application for the search warrant in this matter.[1] Gentry has been a police officer with the City of Detroit since 1986 and has been assigned to the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Task Force Officer (TFO) since March 2002. Gentry Aff. ¶ 3.

In Spring 2009, Gentry and Special Agent Secrete received information from a reliable confidential informant that the informant was aware of two persons, later identified as Willis Stansfield and Quenton Whitsell, who were working in concert in the distribution of narcotics. Gentry had used the confidential informant for several years, and the informant had previously provided information to the government that had led to numerous federal search warrants leading to the confiscation of large amounts of narcotics and numerous firearms. Gentry Aff. ¶¶ 4-5.

On April 29, 2009, the informant contacted Willis Stansfield to make a controlled narcotics purchase. Stansfield and the informant drove to 6010 Harrell Street in Detroit, where they met with a person who was later identified as the defendant, Quenton Whitsell, Sr. When Stansfield and the informant arrived at 6010 Harrell, Whitsell was standing in front of the house talking on a cell phone, with a semi-automatic handgun protruding from the small of his back. While the informant remained in the car, Stansfield and Whitsell entered the house at 6010 Harrell. After a brief period of time, Stansfield left the house at 6010 Harrell, walked back to the car, and drove with the informant to Stansfield's

---

[1]At the hearing on defendant's motion to suppress, held on March 2, 2010, the Court granted the defendant until Friday, March 5, 2010 to submit additional facts or an affidavit in support of his motion to suppress. Whitsell did not file any additional support for his motion to suppress, either by the Court's deadline or thereafter as of the date of this order.

apartment. The informant purchased cocaine from Stansfield using $100 in prerecorded government money. The informant left the apartment and turned over the cocaine to Gentry and Secrete. Gentry Aff. ¶¶ 6-10.

Following the April 29 controlled buy, Gentry identified Stansfield's associate as Quenton Whitsell and discovered that Whitsell resided at 16220 Maddelein, Detroit, Michigan. Criminal background checks revealed that both Stansfield and Whitsell were felons and both had previous narcotics convictions. Surveillance at 16220 Maddelein observed two cars, a 2002 Cadillac and a 2000 Chevy Tahoe, both of which were found to be registered to Quenton Whitsell at 16220 Maddelein, Detroit, Michigan. Gentry Aff. ¶¶ 11-13.

On May 4, 2009, the informant attempted to again make a controlled purchase of cocaine from Stansfield. Stansfield, however, was unable to take the informant to meet with Whitsell and instead Stansfield gave Whitsell's number to the informant and vouched for the informant. The informant spoke with Whitsell and was told by Whitsell to go to 6010 Harrell Street in Detroit to purchase drugs. Agent Lotoczky observed Whitsell arriving at 6010 Harrell in the Chevy Tahoe. The informant purchased crack cocaine directly from Whitsell. Gentry Aff. ¶¶ 14-18.

Two days later, on May 6, 2009, the informant again telephoned Whitsell to arrange to purchase cocaine, and Whitsell again told the informant to meet him at 6010 Harrell. ATF Agent Yott was conducting surveillance at Maddelein Street and, shortly after the telephone call, observed Whitsell leaving the house at 16220 Maddelein and entering the Tahoe. A surveillance team followed Whitsell from 16220 Maddelein to 6010 Harrell Street. Once at Harrell Street, Whitsell sold crack cocaine to the confidential informant. Gentry Aff. ¶¶ 19-21.

On May 7, 2009, with Agent Secrete present, the informant again telephoned Whitsell to purchase crack. Whitsell again told the informant to go to 6010 Harrell. Shortly after this telephone call, a surveillance team saw Whitsell leave 16220 Maddelein in his Tahoe. The surveillance team followed Whitsell to 6010 Harrell. The informant met Whitsell at 6010 Harrell and purchased crack cocaine. Gentry Aff. ¶¶ 22-24.

On May 12, 2009, the informant again called Whitsell. Whitsell told the informant to meet him at a new address, 4541 Guilford Street, Detroit, Michigan. The informant drove to 4541 Guilford street with Agent Secrete. When they arrived, Whitsell's Chevy Tahoe was parked in the driveway and Whitsell was standing in front of the house. The informant and Whitsell entered the house and Whitsell sold heroin to the informant. Gentry Aff. ¶ 25.

On May 13, 2009, the informant again contacted Whitsell to buy drugs, and was told by Whitsell to meet at 6010 Harrell. Shortly after the telephone call between the informant and Whitsell, ATF Agent Buyse saw Whitsell leave the house at 16220 Maddelein and drive away in his Tahoe. When the informant and Agent Secrete arrived at 6010 Harrell, Whitsell was standing outside the house with his Chevy Tahoe parked outside. The informant purchased cocaine from Whitsell inside the house and covertly videotaped the transaction. After completing the purchase, the informant introduced Secrete to Whitsell. Gentry Aff. ¶¶ 26-28.

On May 15, 2009, Agent Yott was conducting surveillance at 16220 Maddelein and observed Whitsell driving his 2002 Cadillac. With Secrete present, the informant again called Whitsell and again arranged to purchase drugs at 6010 Harrell. Shortly after this phone call, Agent Buyse saw Whitsell leave 16220 Maddelein in the Tahoe. Secrete drove with the informant to 6010 Harrell and waited for Whitsell. Secrete saw Whitsell arrive at 6010 Harrell in the Tahoe, and Secrete and the informant followed Whitsell to the house.

4

Secrete saw Whitsell use a key to open the front door and heard Whitsell turn off the alarm system. Secrete purchased crack cocaine from Whitsell. During this meeting, Whitsell said that he owned 6010 Harrell and several other properties. Gentry Aff. ¶¶ 29-31.

On May 19, 2009, the informant told Secrete that Whitsell had called and agreed to sell crack cocaine, and told the informant to meet him at 6010 Harrell. Secrete and the informant drove to 6010 Harrell. When they arrived, Secrete and the informant saw the Tahoe parked in front of the house and saw Whitsell on the front porch. The three went inside, and Whitsell left the other two and went to a different part of the house. Secrete heard Whitsell walking down a stairway. Whitsell returned within seconds and sold crack cocaine to Secrete. Gentry Aff. ¶¶ 32-34.

A warrant issued on May 21, 2009 for a search of Whitsell's home at 16220 based upon Gentry's affidavit. A search of the house conducted that same day produced over 100 grams of crack cocaine and four firearms. Whitsell admitted owning the firearms.

**ANALYSIS**

Whitsell moves the Court for an order suppressing the evidence obtained as a result of the search of the house at 16220 Maddelein. In support of his motion, Whitsell argues in the first instance that the allegations in the search warrant, even if true, are insufficient to establish probable cause. Whitsell also argues that the allegations in the warrant relating to the surveillance of the defendant at 16220 Maddelein were false or made with reckless disregard for the truth in an attempt to create an illusory nexus between the place to be searched and the evidence to be sought, and seeks an evidentiary hearing on the factual allegations contained in the warrant. For the reasons stated below, the Court finds that the allegations establish probable cause to search the house at 16220 Maddelein and that the defendant has failed to establish entitlement to an evidentiary hearing.

5

I.   Was the Warrant Issued on Probable Cause?

Whitsell argues first that the evidence should be suppressed because the warrant was not supported by probable cause. Specifically, Whitsell argues that probable cause is lacking because there are no allegations in the affidavit that anyone ever observed narcotics sales or activities consistent with drug trafficking at 16220 Maddelein.

The Court finds that the affidavit establishes probable cause to search 16220 Maddelein for evidence of drug trafficking. The fact in the Gentry affidavit submitted in support of the application for the warrant to search 16220 Maddelein establish that the defendant had sold illegal drugs to a confidential informant on seven separate occasions in May, 2009. On four of those occasions, government agents saw the defendant leaving his house on Maddelein before the drug sales, and on two of those occasions Whitsell was followed from his house to the location of the drug sales. These facts establish a fair probability, given the totality of the circumstances, that contraband or evidence of a crime would be found at 16220 Maddelein. See *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991).

II.  Is the Defendant Entitled to An Evidentiary Hearing on the
     Factual Basis for the Search Warrant Under Franks v. Delaware?

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that there is a presumption of validity with respect to the affidavit supporting the search warrant. In order to require an evidentiary hearing, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171. To obtain an evidentiary hearing on the facts underlying the affidavit, a defendant must allege deliberate falsehood or reckless disregard for the truth, specifying those portions of the affidavit that are claimed to be false. *Id.* Those allegations must be accompanied by an offer of proof and affidavits or sworn or otherwise reliable statements

of witnesses should be furnished to the court, or their absence satisfactorily explained. *Id.* Finally, the defendant may still be denied an evidentiary hearing if, putting aside those portions of the affidavit alleged to be false or reckless, there remains sufficient content in the warrant affidavit to support a finding of probably cause. *Id.* at 171-72.

Here, Whitsell has failed to carry his burden of showing an entitlement to a *Franks* hearing both because he has failed to make a substantial preliminary showing that the affiant either knowingly or recklessly included a false statement in the warrant affidavit and because the allegedly offending information was not essential to the probable cause determination. Whitsell thus fails to establish either prong of *Franks'* entitlement to an evidentiary hearing.

First, Whitsell has failed to make a substantial preliminary showing that a false statement was knowingly or recklessly included in the affidavit. While Whitsell argues that the agents "deliberately prevaricated" and their statements were "deliberately false" and "absolutely false and were made in an attempt to create a false nexus between [Whitsell's] residence on Maddelein and potential evidence of drug trafficking" he fails to back up these allegations with a substantial showing of falsity.

Whitsell argues that the affidavit contains false statements because (1) no documentary evidence exists to support the affidavit's claim that Whitsell was actually observed at the Maddelein residence, and (2) there are inconsistencies as to the surveillance reports on May 15 and May 19. Neither of these allegations suffice to entitle Whitsell to a *Franks* hearing.

The affidavit in support of the warrant to search 16220 Maddelein states that Whitsell was seen at the Maddelein house by government agents on May 6, May 7, May 13 and May 15, 2009, immediately before Whitsell met with the informant and/or government

7

agents at other locations for the purpose of selling drugs. On May 6, Whitsell was seen by Agent Yott leaving 16220 Maddelein, entering his Tahoe and driving away and was followed by a surveillance team to 6010 Harrell, where Whitsell sold drugs to the informant. On May 7, shortly after the informant telephoned Whitsell to purchase drugs, agents conducting surveillance saw Whitsell leave 16220 Maddelein in his Tahoe and followed Whitsell to 6010 Harrell, where he again sold crack cocaine to the informant. On May 13, shortly after the informant called Whitsell again to purchase drugs, Agent Buyse observed Whitsell exit the house at 16220 Maddelein in his Tahoe and Whitsell afterwards met the informant and Agent Secrete at 6020 Harrell and sold them drugs. On May 15, shortly after another phone call from the informant to Whitsell, Agent Buyse saw Whitsell leave his house at 16220 Maddelein, get into the Tahoe and depart, and shortly thereafter the informant and Agent Secrete arrived at 6010 Harrell and found that Whitsell had already arrived: at 6010 Harrell, Agent Secrete purchased crack cocaine from Whitsell.

Whitsell's argument that the facts in the affidavit are false because no documentary evidence, such as photographs or notes, exists to support the statements that Whitsell was observed at the Maddelein residence at any time prior to selling drugs, is without any merit. The defendant cites no authority, and the Court is aware of none, that supports the proposition that the government is required to supply documents in support of a warrant application that is supported by a government agent's sworn affidavit.

The Court is also unpersuaded by Whitsell's second argument, which seeks to establish that there are inconsistencies between the surveillance at the Maddelein location and the government accounts of the drug purchases at the Harrell location on May 15 and May 19 that show deliberate or reckless falsities. As to May 15, the affidavit states that Agent Yott saw Whitsell driving his Cadillac on May 15, while Agent Buyse observed

Whitsell leaving 16220 Maddelein, entering the Tahoe and driving away, and that Whitsell later showed up at Harrell Street to meet the informant and Secrete. As to May 19, the affidavit also states that Agent Buyse observed Whitsell driving his Cadillac during his surveillance of Maddelein, while Agent Secrete stated that Whitsell had his Tahoe with him when the two met later that day at the Harrell Street address. Whitsell also argues that the allegations in the affidavit regarding May 19 are contradicted by Agent Secrete's report, certain facts of which are omitted from the affidavit. In his report, Agent Secrete says that the informant could not call Whitsell on May 19 because Whitsell's phone was disconnected, and instead Secrete and the informant left a note at the Harrell Street location on that date asking Whitsell to call. Two hours later, Whitsell called the informant to tell him that Whisell was already at Harrell Street waiting. Whitsell argues that these facts, and the covert video surveillance, show that Whitsell was present at the Harrell address with his for a "substantial period of time" and therefore could not have been observed at Maddelein as Agent Buyse indicated. Whitsell also argues that the covert video surveillance "corroborates that the narcotics were stored at the Harrell address and that agents were simply on a fishing expedition to find evidence at [Maddelein]."

Whitsell is simply misreading the affidavit here. The affidavit never says that Whitsell was observed leaving Maddelein on May 19. Instead, the affidavit simply states that Agent Buyse reported seeing Whitsell driving his Cadillac during the course of Buyse's surveillance of Maddelein on that day. There is nothing inconsistent with Buyse seeing Whitsell driving his Cadillac near Maddelein and being at Harrell Street with the Tahoe for a "substantial period of time" later that same day. These facts fail to support the defendant's allegations that the affidavit contained deliberately false statements. At most, the allegations show that Whitsell was seen by different agents in different cars on the

9

same dates. Further, the fact that the affidavit omits reciting that Whitsell's telephone was disconnected on May 19 and that the informant and Secrete left a message at Harrell Street for Whitsell on that date, does not establish that the facts contained in the affidavit were false. The standard for obtaining a *Franks* hearing based on material omissions in the affidavit is higher that for allegedly false affirmative statements. *United States v. Khami*, No. 08-2437, 2010 WL 273134 at *5 (6th Cir. Jan. 26, 2010). The Sixth Circuit has held that *Franks* is only applicable to the omission of disputed facts "in the *very* rare case where the defendant makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause." *Mays v. City of Dayton*, 134 F.3d. 809, 816 (6th Cir. 1998) (emphasis original). The defendant has shown neither that the information omitted from the affidavit was critical to the finding of probable cause or made a strong preliminary showing that any omission was done with an intention to mislead and therefore *Franks* does not apply to the claimed omissions.

Finally, a *Franks* hearing is not appropriate because the affidavit establishes probable cause as to the house on Maddelein even absent the challenged material. The only dates in the affidavit that are challenged are the allegations with regard to May 15 and May 19. Putting aside the surveillance that took place on May 15 and May 19, the affidavit still alleges that Whitsell was observed leaving the house on Maddelein on May 6, 7, and 13 shortly before selling drugs on those same days. Each time Whitsell was called he was immediately available with drugs to sell. These facts establish at least a fair probability that Whitsell stored drugs, drug paraphernalia and the proceeds of his drug sales at his home. Further, putting aside the May 15 and 19 transactions, only one week elapsed between the drug transaction on May 13, in which he was seen traveling from his home on Maddelein

to the Harrell Street location where the drug sale was consummated, and the execution of the search warrant. The remaining allegations support a finding that Whitsell's drug activities were ongoing and were connected with his house and therefore support the magistrate's finding of probable cause.

## CONCLUSION

The warrant to search the house on Maddelein was issued on probable cause and the defendant has failed to carry his burden of demonstrating an entitlement to a *Franks* hearing. The Court therefore **DENIES** Defendant's Motion to Suppress (docket no. 22). **SO ORDERED**.

s/Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: March 12, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 12, 2010, by electronic and/or ordinary mail.

Alissa Greer<br>Case Manager

11