UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:09-cr-20236

HONORABLE STEPHEN J. MURPHY, III

v.

QUENTON THOMAS WHITSELL SR,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S PRO SE MOTION TO SET AND**
**RELEASE ON BOND/PERSONAL RECOGNIZANCE (docket no. 37)**

This matter comes before the Court on Defendant Quenton Thomas Whitsell Sr.'s *pro se* motion to set and release on bond or personal recognizance (docket number 37). The defendant originally waived his detention hearing and consented to pre-trial detention, but has now moved for a detention hearing. In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing was held on May 18, 2010. Upon review of the record, the Court concludes that the facts in this case require the detention of the defendant pending trial.

A criminal defendant must be detained if the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of other persons or the community. 18 U.S.C. § 3142(e). Where there is probable cause to believe that a defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act, 21 U.S.C. § 801 *et seq.*, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant or safety of any other person and the community. 18 U.S.C. § 3142(e)(3)(A). A grand jury

indictment is sufficient to establish probable cause for purposes of 18 U.S.C. § 3142(e). *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The presumption "shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person and the community [but t]he government retains the burden of persuasion." *United States v. Hinton*, 113 Fed. Appx. 76, 77-78 (6th Cir. 2004). Even if the defendant comes forward with evidence to rebut the presumption, however, the presumption does not vanish. *Id.* at 78. Instead, the Court "may continue to give the presumption some weight by keeping in mind that Congress has determined that 'drug offenders pose a special risk of flight and dangerousness to society.'" *Id.* (quoting *United States v. Hare,* 873 F.2d 796, 798-99 (5th Cir. 1989)).

There is no dispute that the statutory presumption in 18 U.S.C. § 3142(e) applies in this case. The grand jury has charged defendant in a five count indictment for distribution of fifty or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

The evidence that links the defendant to the crimes charged is strong. There is evidence showing that the defendant sold drugs to an informant and an undercover officer on several occasions. A search of defendant's house resulted in the seizure of four weapons, as well as significant amounts of crack and powder cocaine. See Exhibits to Docket no. 24.

The record also shows that the defendant has had numerous felony convictions over the course of over twenty years, including convictions for possession and sale of drugs and possession of firearms.

In support of his motion, the defendant points to the following: He is a life-long resident of Detroit and has numerous close family ties, including with his mother and his seven children. The defendant does not possess a passport, he in not on probation or parole, he does not have outstanding warrants or any pending charges outside the current charges, and was gainfully employed in home renovations at the time of his arrest. The defendant argues that the charged offense is not a crime of violence, that he does not have a history of violence, and that there were no acts of violence or resistance during his arrest.

Upon review of the entire record and the arguments and evidence presented, the Court finds that the defendant has failed to rebut the statutory presumption of dangerousness and risk of flight. The record and the affidavits on file show that the defendant has had numerous past felony convictions and terms of imprisonment for drug and weapons charges, yet there is probable cause to believe he returned to selling cocaine and possessing weapons despite his felony convictions. The crimes charged are extremely serious. There is substantial evidence linking the defendant to the crimes charged, including numerous sales to an undercover officer and the seizure of significant quantities of powder and crack cocaine and four firearms from a house owned by the defendant. If convicted, the defendant faces a mandatory minimum sentence of at least ten years. The defendant's ties to the community are not sufficiently strong to prevent flight given the penalties defendant faces and the strength of the evidence against him.

In sum, the Court finds that the defendant has failed to rebut the statutory presumption in favor of detention.

**WHEREFORE**, it is hereby **ORDERED** that defendant's Motion to Set and Release Bond/Personal Recognizance (docket no. 37) is **DENIED** and defendant's detention is continued.

**SO ORDERED**.

                        s/Stephen J. Murphy, III
                        STEPHEN J. MURPHY, III
                        United States District Judge

Dated: May 20, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 20, 2010, by electronic and/or ordinary mail.

                        Alissa Greer
                        Case Manager