UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

QUENTON THOMAS WHITSELL, Sr.,

    Defendant.
    _____/

Case No. 09-20236

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING RENEWED MOTION TO SUPPRESS (docket no. 43)**

    This matter comes before the Court on the *pro se* motion of defendant Quenton Whitsell, Sr., to suppress evidence obtained in a search of his home. The Court has already ruled that the search warrant was issued on probable cause and that Whitsell is not entitled to suppression of the evidence obtained in the search or for an evidentiary hearing on the facts underlying the warrant affidavit. Defendant now moves again, this time *pro se*, to suppress the evidence obtained from the search of his properties, alleging that the government failed serve the search warrants on him at the time of the search, failed to provide him with an inventory, and failed until recently to file the return of the search warrants with the magistrate. For the reasons stated below, defendant's renewed motion to suppress will be denied.

    The relevant facts are largely set forth in the Court's order denying Whitsell's initial motion to suppress. See March 3, 2010 Order Denying Motion to Suppress (docket no. 27). The facts in the record show that the defendant distributed crack cocaine to a confidential informant and to an undercover ATF agent on eight different occasions over the course of three weeks during the Spring of 2009. On May 20, 2009, government agents secured valid search warrants for defendant's home at 16220 Maddelein Street,

Detroit Michigan, and for a second house at 6010 Harrell Street, Detroit, Michigan. The search warrants were executed on May 21, 2001. The affiant, Bruce Gentry, did not participate in the execution of the search warrants. Agents arrested defendant at the Maddelein Street address and searched the residence, with the defendant and his son detained at the house during the search. Docket no. 24, Exh. B (Summary of Execution of Search Warrant by Agent Yott, 5/21/09). Agents found three firearms and a large quantity of illegal narcotics at the Maddelein Street address. *Id.* They also seized a Chevy Tahoe, a Cadillac, and a jet ski. Defendant was then taken to the Harrell Street address, where a search produced no apparent contraband or evidence of illegal activities.

Whitsell has submitted an affidavit in support of his motion to suppress. In his affidavit, defendant attests that three agents entered the Maddelein residence by force and handcuffed him in the kitchen and detained his son in the office. Whitsell Aff. at 1-2. Agent Yott had Whitsell sign a Miranda form and surreptitiously tape recorded their interview. *Id.* at 2. A sheriff deputy presented Whitsell with a form and told him that a 2000 Chevy Tahoe, a Cadillac Deville and a Sea-Doo Jet Ski were being seized as part of the search. *Id.* at 2-3. The deputy also told Whitsell he had to sign the form if he wanted to contest the seizures. *Id.* Whitsell signed the form. *Id.* at 3. Whitsell attests that agents searched both the Maddelein residence and the Harrell Street location but never produced warrants, despite Whitsell's repeated requests for the warrants. *Id.* Whitsell discovered from his mother and his son that the agents never left a copy of the warrants at either address. See Whitsell Aff. at ¶ 22, affidavit of Patricia Whitsell, ¶¶ 7-9.

Whitsell subsequently consented to detention. On October 2, 2009, Whitsell received from his then-attorney William Swor copies of the search warrants with affidavits attached, but without receipts for the property taken. Whitsell Aff. at 5. Whitsell states that he still

has not received a copy of the receipt for the property taken at either 16220 Maddelein or 6010 Harrell. *Id.*

The government concedes that the warrant returns were only filed last week.

## ANALYSIS

Whitsell argues that the evidence seized from the search at 16220 Maddelein should be suppressed because the agents executing the warrants failed to produce a copy of the warrants at the time of the search and failed to provide him with a receipt listing the property seized, in violation of both the Fourth Amendment to the Federal Constitution and Rule 41(f)(1)(c) of the Federal Rules of Criminal Procedure. Taking defendant's allegations as true for purposes of this motion, the Court finds that neither claim is grounds for suppressing the evidence seized. Whitsell's motion to suppress will therefore be denied.

Whitsell argues that the evidence seized should be excluded under the Fourth Amendment because, he claims, the agents did not serve the warrants at the time the searches took place. Even if a failure to serve the warrant was a violation of the Fourth Amendment, not all violations of the Fourth Amendment require exclusion of the evidence that was obtained. *Herring v. United States*, 129 S. Ct. 695, 700 (2009). Suppression has always been a "last resort, not [a] first impulse." *Hudson v. Michigan*, 547 U.S. 586, 591 (2006). The exclusionary rule is triggered only in cases where police conduct is sufficiently deliberate so that exclusion can meaningfully deter it and sufficiently culpable that deterrence is worth the price paid by the justice system. *Herring*, 129 S. Ct. at 700. Where police mistakes are the result of negligence, rather than systematic error or reckless disregard of constitutional requirements, "any marginal deterrence does not 'pay its way.'" *Id.* at 704 (quoting *United States v. Leon*, 468 U.S. 897, 907-08 (1984)).

The defendant does not cite, and the Court has not found, any case in which the exclusionary rule has been applied to exclude evidence obtained pursuant to a valid warrant because the agents failed to serve the warrant prior to the search. In fact, the authority is to the contrary, holding that the failure to serve the warrant does not even amount to a constitutional violation, let alone require application of the exclusionary rule. "'The Fourth Amendment does not necessarily require that government agents serve a warrant, or an attachment thereto, prior to initiating a search or seizing property.'" *United States v. Pritchett*, 40 Fed. Appx. 901, 907 (6th Cir. 2002) (quoting *Frisby v. United States*, 79 F.3d 29, 32 (6th Cir. 1996) (citation omitted)). "[A] search conducted in accordance with a valid warrant does not become warrantless, and therefore 'presumptively unreasonable,' due to the manner in which the officers conducted the search" because the specificity requirement does not extend to the means by which the warrant is executed. *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 441 (6th Cir. 2006) (en banc) (holding in *Bivins* action that failure to produce warrant at outset of the search does not invalidate an otherwise valid search), *cert. denied*, 549 U.S. 1321 (2007). *See also United States v. Bonner*, 808 F.2d 864, 869 (1st Cir. 1986) (no suppression of evidence based on failure of agent to possess or produce warrant at the time of the search absent proof of legal prejudice).

Even if a constitutional violation occurred, Whitsell has not demonstrated that he was prejudiced by the failure of the officers to produce the search warrant at the scene. Whitsell argues that he was prejudiced by not being given an opportunity to determine the agents' authority to search the residence, or whether the agents exceeded the scope of the warrant. These facts do not demonstrate prejudice, however, because the search warrant was valid and listed on its face all the items seized which the government will seek to use

4

against the defendant in this cases. *See United States v. Dudek*, 530 F.2d 684, 691 (6th Cir. 1976) (*citing United States v. Burke*, 517 F.2d 377, 386 (2d Cir. 1975) (prejudice requires the defendant to show that he was subject to a search that might not have occurred or would not have been so abrasive if the rule had been followed)). Whitsell also argues that he was prejudiced in that two vehicles and a jet ski that were seized were subsequently sold at auction, and he was deprived of the opportunity to contest that seizure. Whitsell admits in his affidavit, however, that a Wayne County Sheriff Deputy provided him with a list of the vehicles and jet ski that were being seized at the time of the seizure. Finally, the Court agrees with the government's argument that, even if the defendant had a legitimate complaint regarding the seizure of the vehicles and jet ski, suppression would not be the appropriate remedy for the violation. *See Dudek*, 530 F.2d at 691.

Whitsell also argues that he suffered prejudice because he was impeded in preparing his defense. The record, however, does not support this claim of prejudice. The government represents that it produced to Whitsell's attorney on June 12, 2009, an initial discovery packet, including all agency reports and a dozen compact discs containing videos of the controlled buys made from defendant and photographs taken during the search of defendant's houses. The government subsequently provided Whitsell's attorney a copy of the search warrants. Whitsell himself received the search warrants from his attorney on October 2, 2009, as evidenced by his affidavit and the documents appended thereto. The government also provided the defense a copy of the search warrant returns. The government provided all of this information again, to the defendant himself, after Whitsell began representing himself on May 4, 2010. Based upon these facts, the Court finds that Whitsell cannot demonstrate prejudice because he has had all this information well in

5

advance of the trial that is currently scheduled to commence on June 15, 2010. Whitsell's claim that the Fourth Amendment requires suppression because the government failed to provide him with the warrants at the time of the searches in question is therefore without merit.

Whitsell's second argument is that suppression is required because the government violated Rule 41 of the Federal Rules of Criminal Procedure. Taking the defendant's allegations as true for purposes of this motion, the Court will accept that the officers violated Rule 41 by failing to give Whitsell a copy of the warrants and receipts for the property taken and failing to promptly return them to the magistrate judge designated on the warrants. Exclusion of the evidence seized, however, is not an appropriate remedy for these violations of Rule 41. Failure to serve a defendant with the warrant at the time of the search does not invalidate an otherwise valid search because the protections contained in Fed. R. Crim. P. 41 are ministerial. *United States v McKenzie*, 446 F.2d 949, 954 (6th Cir. 1971). Violation of the requirements of the rule, therefore, does not require exclusion of the evidence lawfully obtained. *Dudek*, 530 F.2d at 687.

In sum, even assuming all of defendant's allegations are true (that he was not served with the search warrants at the time of the searches, that the warrants and inventory were not left with him, and that the defendant did not receive a copy of the warrants and inventory until five months later (all of which the government contests)), defendant is not entitled to exclusion of the evidence seized. The Court has already held that the warrants themselves were validly issued on probable cause. See Docket No. 27. A review of the record also shows that all of the items seized that are sought to be admitted against the defendant were identified in the warrants. The failure to serve warrants at the time of the seizure, the failure to serve an inventory, and the failure to promptly return the warrants and

6

inventory to the magistrate judge designated on the warrants are all procedural irregularities which do not justify as a remedy the exclusion of the evidence lawfully seized.

## CONCLUSION

**WHEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Suppress (document no. 43) is **DENIED**.

          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: June 7, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 7, 2010, by electronic and/or ordinary mail.

          Alissa Greer
          Case Manager