UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTON THOMAS WHITSELL, SR.,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Case No. 17-cv-12691
Related to 9-cr-20236

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE [# 138]

### I. INTRODUCTION

Pending before the Court is Petitioner Quenton Thomas Whitsell, Sr.'s Motion to Vacate Sentence. Dkt. No. 138. Petitioner argues that new precedent requires this Court to resentence him. *Id.* at pg. 7 (Pg. ID 1217). For the reasons that follow, this Court will deny Petitioner's Motion to Vacate Sentence.

### II. FACTUAL BACKGROUND

On July 21, 2010, Petitioner pleaded guilty to possession with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. Dkt. No. 63, pg. 1 (Pg. ID 441). On January 3, 2011, this Court sentenced him to 322 months of imprisonment. Dkt. No. 76, pg. 2 (Pg. ID 610). On January 7, 2013,

1

Petitioner filed a Motion to Vacate Sentence. Dkt. No. 99. This Court denied his Motion on April 23, 2015. Dkt. No. 126. Thereafter, the Fair Sentencing Act was amended and the guideline sentencing range for Petitioner's offense was lowered. The Fair Sentencing Act lowered Petitioner's sentence based on the amount of crack cocaine Petitioner was in possession of. Dkt. No. 93, pg. 4 (Pg. ID 747). On June 16, 2015, this Court resentenced Petitioner to 216 months of imprisonment. Dkt. No. 131. On August 16, 2017, Petitioner filed a second Motion to Vacate Sentence. Dkt. No. 138. Petitioner argues that the ruling in *Dean v. United States* requires this Court to resentence him. 137 S. Ct. 1170 (2017); *id.* at pg. 7 (Pg. ID 1217). In *Dean*, the Supreme Court held that sentencing courts can consider the mandatory firearm sentence imposed under 18 U.S.C. § 924(c) when calculating a sentence for a predicate violent or drug trafficking offense. *Dean*, 137 S. Ct. at 1178. Respondent opposed the Motion on October 2, 2017. Dkt. No. 141. Petitioner replied on October 31, 2017. Dkt. No. 143.

### III. LEGAL STANDARD

If a petitioner wishes to file a second or successive application for writ of habeas corpus, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (2016).

A Court will grant relief under 28 U.S.C. § 2255 if there was: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *U.S. v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011).

## IV. DISCUSSION

**Second or Successive Application**

Respondent argues that the present Motion is Petitioner's second or successive application for writ of habeas corpus. Dkt. No. 141, pg. 3 (Pg. ID 1227). Respondent claims that Petitioner is actually challenging his initial sentencing because Petitioner references his original sentencing in his Motion. *Id.* at pg. 4 (Pg. ID 1228); Dkt. No. 138, pg. 7 (Pg. ID 1217). Therefore, Petitioner must get an order from the Sixth Circuit so that this Court can consider the present Motion. *Id.* Petitioner argues that his Motion is not a second or successive application because he is not challenging his original sentencing that occurred on January 3, 2011. *See* Dkt. No. 143, pg. 7 (Pg. ID 1241). He is challenging his resentencing that occurred on June 16, 2015. *See id.*

A second or successive application "must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010). Therefore, an application that challenges a new or different judgment is not second

or successive. *See id.* at 332–43. Accordingly, an application that challenges a resentencing is not second or successive. *See Magwood v. Patterson*, 561 U.S. at 331. The resentencing is a new judgment. *See id.*; *In re Stansell*, 828 F.3d 412, 417 (6th Cir. 2016) ("final judgment in a criminal case means sentence. The sentence is the judgment.") (quoting *Berman v. U.S.*, 302 U.S. 211, 212 (1937)). Therefore, if Petitioner's Motion is challenging his resentencing, then it is not a second or successive application.

The Sixth Circuit has elaborated on the significance of a court's resentencing on the second or successive analysis that the Supreme Court created in *Magwood*. In *In re Stansell*, the Sixth Circuit considered whether an application for writ of habeas corpus was second or successive. *In re Stansell*, 828 F.3d 412, 416–17 (6th Cir. 2016). In *Stansell*, the state trial court sentenced the petitioner to twenty years to life in prison. *Id.* at 414. The petitioner unsuccessfully challenged his sentence in federal district court. *Id.* The state trial court then resentenced Petitioner, instituting a sentence of five years of post-release control in addition to the original twenty years. *Id.* The petitioner then filed a second habeas petition, claiming that the trial court erred when it classified him as a sexually violent predator during his *first* sentencing hearing. *Id.* This was the only claim in the petitioner's second application, and it was the same claim that he raised in his first petition. *Id.*

4

The Sixth Circuit held that the petitioner's partial resentencing, which added a term of post-release control, constituted a new judgment. *Id.* at 416. Therefore, Petitioner's second habeas petition was not second or successive. *Id.* The Court reasoned that "the sentence that matters in a habeas case . . . is the one pursuant to which an individual is held in custody." *Id.* The Court stated that before his resentencing, the judgment that kept the petitioner in custody was the sentence of twenty years. *Id.* However, after his resentencing, what kept the petitioner in custody was a sentence of twenty years and five years of post-release control. *Id.* Therefore, the partial resentence was a new judgment and the petitioner's second habeas application was not second or successive. *Id.* at 416–17. Here, Petitioner is in custody pursuant to his resentencing sentence of 216 months. So although Petitioner is challenging something that occurred during his first sentencing hearing, he is no longer in custody based on his first sentencing hearing.

The present case is sufficiently similar to the *Stansell* case in other ways. In both cases, trial courts sentenced the petitioners twice. And in both cases, the petitioner's second habeas petition challenged events that occurred during their first sentencing hearing. However, the present case presents a stronger case than *Stansell* that Petitioner's present motion is not second or successive. The Petitioner in this case had a full resentencing. This is unlike the Petitioner in *Stansell*—the trial court only partially resentenced him. The partial resentence in *Stansell* was

5

enough to render a habeas application non-successive. So the full resentencing in this case presents a stronger circumstance to find that Petitioner's application is not second or successive. The Petitioner here is also bringing a different claim than he did in his first petition, where the Petitioner in *Stansell* brought the same exact claim in his first and second petitions. Bringing the exact same claim still resulted in a finding that the petitioner's application was non-successive. So asserting a different claim presents a stronger circumstance to find that Petitioner's application is not second or successive.

In conclusion, this Court holds that Petitioner's Motion to Vacate is not second or successive. Therefore, this Court has jurisdiction to address the substance of the Motion.

**Retroactive Application of *Dean***

This Court can now address the crux of Petitioner's Motion to Vacate. Petitioner argues that the holding in *Dean* is retroactive such that he is entitled to a new sentencing hearing. Dkt. No. 143, pg. 9 (Pg. ID 1243). Respondent argues that this Court cannot retroactively apply *Dean* to this case. Dkt. No. 141, pg. 5 (Pg. ID 1229).

A rule that is substantive applies retroactively on collateral review; however, a procedural rule does not apply retroactively. *See In re Patrick*, 833 F.3d 584, 586

(6th Cir. 2016). A rule is substantive "if it alters the range of conduct or the class of persons that the law punishes." *Id.* A rule is procedural if it regulates "the matter of determining the defendant's culpability and alter[s] the range of permissible methods for determining whether a defendant's conduct is punishable." *Id.*

This Court must determine if the rule announced in *Dean* is substantive or procedural. It is a separate offense to use or possess a firearm in connection with a violent or drug trafficking crime. 18 U.S.C. § 924(c) (2016). This separate offense has a mandatory minimum sentence of five years for the first conviction and twenty five years for the second conviction. *Id.* In *Dean*, the Supreme Court held that sentencing courts can consider the mandatory firearm sentence imposed under 18 U.S.C. § 924(c) when calculating a sentence for the predicate violent or drug trafficking offense. *Dean*, 137 S. Ct. at 1178.

Petitioner argues that other circuit courts, including the Sixth Circuit, have ordered resentencing in light of the decision in *Dean*. Dkt. No. 143, pg. 9–10 (Pg. ID 1243–44). However, Petitioner cites appeal cases, and not cases in which movants were challenging their judgments on collateral attack. *See U.S. v. Person*, No. 16-4031, 2017 WL 5191864, at *1 (6th Cir. Nov. 9, 2017) (on appeal); *U.S. v. Robinson*, No. 17-5200, 2017 WL 4162299, at *1 (6th Cir. Sept. 20, 2017) (on appeal).

This Court must determine if *Dean* is applicable on collateral review. Based on the rule in *In re Patrick*, this Court holds that the rule announced in *Dean* is procedural and not retroactively applicable. *Dean* changes what factors a trial court may consider when determining a defendant's sentence for his predicate offense. This rule does not change the range of conduct that the law punishes. Nor does the rule change the class of people that the law punishes. However, the *Dean* rule does regulate the manner of determining culpability and changes the permissible methods for determining whether a defendant's conduct is punishable. Therefore, *Dean* is a non-retroactive procedural rule. Accordingly, this Court denies Petitioner's Motion to Vacate Sentence. Although Petitioner's Motion is not second or successive, *Dean* is not retroactively applicable.

## V. CONCLUSION

For the reasons discussed herein, the Court will deny Petitioner's Motion to Vacate Sentence.

SO ORDERED.

Dated: January 8, 2018            /s/Gershwin A. Drain
                                  GERSHWIN A. DRAIN
                                  United States District Judge