UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

QUENTON THOMAS WHITSELL, SR.,

    Defendant.

Case No. 09-cr-20236

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF [#169]; DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S COMPASSIONATE RELEASE MOTION [#168]**

**I. INTRODUCTION**

On July 21, 2010, Defendant Quenton Thomas Whitsell, Sr. ("Defendant") entered a guilty plea for possession with intent to distribute cocaine base (Count III) and possession of a firearm in furtherance of a drug trafficking crime (Count IV). ECF No. 63. Defendant was sentenced to 262 months for Count III and 60 months for Count IV, to run consecutively. ECF No. 76. On June 16, 2015 this Court reduced Defendant's sentence to 216 months.[1] ECF No. 131.

---

[1] This matter was reassigned to this Court on August 14, 2014. ECF No. 106.

Presently before the Court is Defendant's Motion for Reconsideration of Defendant's Compassionate Release Motion (ECF No. 168) and Defendant's Ex Parte Motion for Leave to File a Supplemental Brief (ECF No. 169). The Court previously denied Defendant's Motion for Compassionate Release. *See* ECF No. 167. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's Motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Court will **GRANT** Defendant's Ex Parte Motion for Leave to File a Supplemental Brief [#169]. Further, the Court will **DENY** Defendant's Motion for Reconsideration [#168].

## II. BACKGROUND

Between April 29, 2009 through May 19, 2009, Defendant distributed crack cocaine to confidential informants working with agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). ECF No. 63, PageID.443. On May 21, 2009, Defendant was taken into custody for possession of crack cocaine and firearms. ECF No. 159, PageID.1312. He entered a guilty plea to two crimes charged in the superseding indictment: possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). ECF No. 63.

On December 17, 2011, Defendant was sentenced to 262 months for Count III and 60 months for Count IV, to run consecutively. ECF No. 76. On January 7, 2013, Defendant filed a Motion to Vacate Sentence. ECF No. 99. The Honorable Stephen J. Murphy, III denied Defendant's Motion on April 23, 2015. ECF No. 126. Thereafter, the Fair Sentencing Act was amended and the guideline sentencing range for Defendant's offense was lowered. On June 16, 2015, this Court resentenced Defendant to 216 months of imprisonment. ECF No. 131. On August 16, 2017, Defendant filed a second Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. ECF No. 139. This Court denied Defendant's Motion on January 8, 2019. ECF No. 144.

On July 6, 2020, this Court issued an Opinion and Order denying Defendant's Motion for Compassionate Release. ECF No. 167. In its Opinion and Order, the Court concluded Defendant failed to exhaust his administrative remedies as required in the Sixth Circuit under § 3582(c)(1)(A). *Id.* at PageID.1615. The Court also explained that even if Defendant exhausted his administrative remedies, his request for compassionate release would fail on the merits. *Id.* at PageID.1616. Specifically, the Court determined that Defendant did not present extraordinary and compelling circumstances, did not establish that the 18 U.S.C. § 3553(a) sentencing factors favored his release, and did not convince the Court that he would not present a danger to the community. *Id.* at PageID.1619–20.

3

Defendant now moves the Court to reconsider its decision. ECF No. 168. In support of his present Motion, Defendant asserts that he can make three showings of palpable defect requiring reconsideration. First, Defendant contests the Court's finding that he did not satisfy § 3582's exhaustion requirement. *Id.* at PageID.1631. Second, Defendant argues that the Court's conclusion that his underlying medical conditions fail to present extraordinary and compelling circumstances for release is a palpable defect. *Id.* at PageID.1635. Third, Defendant contests the Court's finding that he is a danger to society, arguing that such a conclusion is "unfounded." *Id.* at PageID.1639. Moreover, Defendant moves to file a supplemental brief in support of his present Motion. ECF No. 168.

### III. LEGAL STANDARD

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D.

Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citation omitted).

### IV. ANALYSIS

As an initial matter, the Court will grant Defendant's Ex Parte Motion for Leave to File Supplemental Brief. ECF No. 169. This supplemental brief focuses on the Court's opinion in a separate matter, *United States v. Mills*, 2020 U.S. Dist. LEXIS 135723 (E.D. Mich. July 31, 2020). Here, Defendant argues that his case is "a much stronger case of rehabilitation than Mills and the disparity created by the Court is palpable error." ECF No. 170, PageID.1778. While the Court disagrees with Defendant as to the merits of his claim, as will be explained below, the Court will grant Defendant's instant Ex Parte Motion to supplement his other pending Motion presently before the Court.

In his Motion for Reconsideration, Defendant raises three arguments for why the Court should reconsider its July 6, 2020 Opinion and Order. The Court shall address each argument in turn.

Defendant first contends that the Court erred in concluding that he did not satisfy the administrative exhaustion requirements under § 3582(c)(1)(A). ECF No. 168, PageID.1631. In its Opinion and Order, the Court took notice that Defendant,

rather than waiting the requisite thirty days, filed two *pro se* motions within six days of initial request to the Warden at FCI Milan. ECF No. 167, PageID.1615. The Court therefore explained that in light of the Sixth Circuit's holding in *United States v. Alam*, it was unable to grant Defendant's requested relief. *Id.* at PageID.1615–16.

The Court agrees with Defendant's argument in his present Motion that he has properly exhausted his administrative remedies with the BOP. While the Court will again reserve judgment on whether the Warden's alleged procedure to summarily reject all requests renders the administrative process one without relief, the Court will concede that at this point thirty days have now passed since Defendant's submission of his request for compassionate release to the Warden at FCI Milan. Accordingly, Defendant has exhausted his administrative remedies. However, as the Court previously stated, even if he had exhausted his administrative remedies, his request for compassionate release would fail on the merits. The Court shall address the merits of Defendant's arguments in more detail below.

Defendant next argues that the Court's finding on the lack of "extraordinary and compelling reasons" for release is a palpable defect. He asserts that his age, obesity, Hepatitis C, and prediabetes present compelling and extraordinary reasons for his release. ECF No. 168, PageID.1639. Upon further review of the record, including Defendant's medical records, the Court reaches the same conclusion with respect to Defendant's lack of extraordinary and compelling circumstances.

The Court first denotes that Defendant has already presented his argument as to his preexistent conditions in his original Motion. *See* ECF No. 159, PageID.1323. The Court emphasizes that "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments [.]" *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citation omitted). Moreover, the Court, while recognizing the CDC has now removed a specific age threshold for "older adults," does not believe that it necessarily follows that Defendant now presents extraordinary and compelling reasons for release. Indeed, the Court maintains that Defendant's cited reasons do not warrant his release from FCI Milan. As explained in its Opinion and Order, other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at a significantly higher risk for severe illness from COVID-19. ECF No. 167, PageID.1617–18 (citing *United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020); *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020)). Accordingly, the Court concludes that Defendant has failed to come forward with a palpable defect with respect to the Court's conclusion that he does not present extraordinary and compelling circumstances that warrant his release.

Lastly, Defendant argues that the Court's conclusion as to his danger to society is a palpable defect. ECF No. 168, PageID.1639. In his present Motion, he

emphasizes his commendable work towards rehabilitation in prison. *Id.* at PageID.1641, 1643. Defendant adds to his arguments in his Supplemental Brief, where he compares his sentence, criminal history, and behavior during his time in BOP custody to another case previously before the Court. *See generally* ECF No. 170. The Court declines to compare Defendant's case to another defendant's case in analyzing the presented arguments and reaching its conclusion. While the Court takes notice of Defendant's completed classes, including ones focused on drug education, and successful semesters on the Dean's List at Jackson College, it does not find that such positive behavior overcomes Defendant's extensive criminal history. In addition to ten prior convictions for firearm and drug offenses between 1988 and 2004, the Court denotes that Defendant was arrested eleven times for drug offenses and assaultive behavior. Upon further and careful review of Defendant's record, the Court maintains that the seriousness of Defendant's drug trafficking and firearm offenses, including possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), along with his history of similar criminal behavior, compel this Court to conclude that he is not eligible for compassionate release.

In sum, Defendant has failed to demonstrate that he is entitled to relief under Local Rule 7.1(h)(3).

## V. Conclusion

For the reasons discussed herein, Defendant's Ex Parte Motion for Leave to File a Supplemental Brief [#169] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration [#168] is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 5, 2020

/s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 5, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager